FOR PUBLICATION

FILED

December 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

STATE OF TENNESSEE,            (
                              (
    Plaintiff-Appellee,     (    Henry County
                              (
                              (    Hon. C. Creed McGinley, Judge
                              (
v.                            (    S. Ct. No. 02S01-9607-CC-00068
                              (
                              (
                              (
DAVID WILLARD PHIPPS, JR.,     (
                              (
    Defendant-Appellant.     (


### CONCURRING OPINION


I concur in the decision to remand the case to the trial court with instructions; however, I would impose a more precise standard for determining if the presumption of vindictiveness has been overcome.

The majority states that the presumption of vindictiveness "may be overcome by clear and convincing evidence which demonstrates that the prosecutor's decision was motivated by legitimate purpose," and further, "the State must proffer fact specific, legitimate, on-the-record explanations for its conduct which dispel the appearance of vindictiveness." Majority opinion, p. 20. Consequently, the proof presented by the State

must show a legitimate, as opposed to specious, purpose for the increased punishment which will dispel the appearance, as opposed to the reality, of vindictiveness. This standard would not be met with proof which showed only that the prosecutor acted in good faith. It is the "fear of vindictiveness" which may chill a defendant's exercise of the right to appeal or collaterally attack the first conviction. Blackledge v. Perry, 417 U.S. 21, 94 S. Ct. 2098, 2102 (1974). As stated in In Re Bower, 700 P.2d 1269, 1277 (Cal. 1985), "[t]he presumption is not based on the subjective state of mind of the individual prosecutor and does not imply that he or she individually harbors an improper motive."

In my view, this high standard cannot be met with evidence of facts or information which was reasonably available to the prosecutor when the original charge was made. I would apply the rule adopted by the California Supreme Court in In Re Bower:

> In order to rebut the presumption of vindictiveness, the prosecution must demonstrate that (1) the increase in charge was justified by some objective change in circumstances or in the state of the evidence which legitimately influenced the charging process and (2) that the new information could not reasonably have been discovered at the time the prosecution exercised its discretion to bring the original charge.

Id.

I am authorized to state that Justice Birch joins in this Concurring Opinion.

_____

Reid, J.